THE WOODSTOCK BANK *v.* SOLOMON DOWNER.

*Promise to cashier or agent. Variance.*

The defendant signed a writing addressed to the cashier of the plaintiff's by name, but without any official designation, requesting him to discount a note described, and guaranteeing its goodness and payment. The plaintiffs upon the credit of the writing, discounted the note. In a suit upon the writing *it was held*, that it might be properly counted upon as a promise made directly to the plaintiffs.

The note so discounted was made payable in ninety days from date, conditioned that if one half of it was then paid, the remainder should be postponed ninety days longer upon payment of the interest thereon in advance. The declaration described the note as pay-

able in ninety days from date. *Held* that there was a variance; the promise alleged being absolute as to the payment of the whole sum in ninety days, and that proved being absolute as to but a part and contingent as to the remainder.

ASSUMPSIT upon a guaranty. The declaration averred that at, &c., the defendant, in consideration that the plaintiffs would discount a note for $400.00, "made payable to the plaintiffs in ninety "days from the date of said note, signed by John H. Richardson, "Lewis S. Fish, Levi Rix and Seth A. Chase, and bearing date April "3d, 1847, undertook and faithfully promised the plaintiffs that the "said note was good," &c., and further averred that relying on said promise, they discounted the note, and that it was not good, &c. The promise was differently set up in other counts, but in all of them the note was described as payable in ninety days from its date, and the promise averred to be to the plaintiffs. Plea, the general issue ; trial by jury, May Term, 1853,—PIERPOINT, J., presiding.

The plaintiffs offered in evidence a paper of the following tenor, viz :

"*Royalton*, April 3d, 1847.

"Mr. Johnson, Sir:—I wish you to discount a note, dated Roy-"alton, April 3d, 1847, for the sum of four hundred dollars and "signed by John H. Richardson, Lewis S. Fish, Levi Rix, and "Seth A. Chase, and I guarantee said note is good, and the pay-"ment of the same."

(signed)        "SOLOMON DOWNER."

and a note of the following tenor, viz :

"*Royalton*, April 3, 1847. Ninety days from date, we the sub-"scribers, jointly and severally, each as principal, for value received "promise to pay the Woodstock Bank, the sum of four hundred "dollars, conditioned that if one-half the said sum be paid at that "time, the remainder may be postponed for ninety lays longer on "the payment of the interest in advance which would accrue there-"on," which was signed by the persons named in the above guaranty.

These papers were accompanied with evidence that one Eliakim Johnson was the cashier of said Woodstock Bank, and that the plaintiffs discounted said note on the credit of said guaranty, together with evidence of a breach of it ; and that the plaintiffs had been

unable to collect said note of the signers. To the admission of said writing and note the defendant objected, but his objection was over-ruled and the papers admitted, to which, the jury having returned a verdict for the plaintiffs, the defendant excepted.

*J. S. Marcy,* for the defendant.

*Converse & Barrett,* for the plaintiffs.

The opinion of the court was delivered by

BENNETT, J. The first question is, can the Bank of Woodstock sustain an action upon this guaranty. The line from the defendant is addressed, it is true, to Mr. Johnson, wishing him to discount a certain note therein described, and the defendant adds, "I guarantee said note is good and the payment of the same."

It appeared on trial, that Mr. Johnson was at the time cashier of the Bank of Woodstock, and that the note described in the guaranty was presented to and discounted by the bank, the bank relying upon the guaranty. Though the guaranty is not addressed to Mr. Johnson as cashier of the bank, yet it clearly imported official action on his part as an affair of the bank and the case shows that the consideration moved from the bank. We think, under the decisions of this state especially, the promise may well run to the bank from whom the consideration moved.

The next question raised is also a question of variance. The note offered in evidence was for four hundred dollars, payable in ninety days from date, with a provision that if at the end of ninety days the makers pay one-half the note and the interest on the other half in advance for ninety days, the payment of that half shall be extended for that further length of time. This note of the principals is set up in the declaration as an *absolute* promise on their part to pay the $400.00 at the end of ninety days. The promise of the principals must at least be declared on according to its legal effect.

The provision in the note for extending the time of payment for one-half, qualified the body of the contract. It became a contract to pay absolutely $200.00 at the end of ninety days, and whether the residue of the note should then become payable rested in con-

tingency. In Smith's Leading Cases, (last edition) 645, a case is cited from 8 B. Monroe, 377, *Howard* v. *Chiles*, and is thus digested. A consideration of a warranty was alleged to be the sale of a horse for $66.00, and the proof was of $50.00 paid and a note given for $16.00 payable on a contingency, and it was held there was a variance; the price averred being certain and without condition and the one proved being in part depending upon a contingency. It is said that as the principals on the note did not avail themselves of the contingency, the whole note in fact became due at the end of ninety days, and that the provision as to extending the time of payment for one half the note, became *functus officio*. Suppose it be so, the makers of the note had a right to avail themselves of the provision when the note was given, and this provision became a constituent part of the contract, and should have been truly described in the declaration. This is not matter in discharge of the contract, which may be omitted in the declaration, and to be treated as matter of defense, but it is a modification of the contract itself and should have been set out in the declaration with the proper averments. The case of *Stanwood* v. *Scovel*, 4 Pick. 422, is much like the present.

The judgment of the county court is reversed and the cause remanded.